PEOPLE *ex rel.* HARVEY *v.* McCLAVE *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.* February 11, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.
   Relator was discharged from the police force on a charge of being absent without leave.   He testified that, being free from duty, he went to see his relatives, and was taken ill; but no effort was made by him to get the certificate of the police surgeon, which the rules of the board called for under such circumstances.   *Held,* that relator was properly dismissed.

*Certiorari* by John L. Harvey to review the action of the police commissioners of the city of New York in dismissing relator from the police force.

   Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

   *Louis J. Grant,* for relator.   *John J. Delany* and *Cornelius F. Collins,* for respondents.

VAN BRUNT, P. J.   The relator, a patrolman of the police department, was dismissed after trial by the commissioners, finding him guilty of a charge of neglect of duty in that he was absent without leave for a period of four hours. The evidence of the relator is to the effect that on his night off, being free from duty, he went to see some of his relatives, and was taken ill; that he at-

tempted to send notice to the station-house of this fact, but no such notice was received, and, upon learning this fact, the relator claims he went directly to the station, and notified the sergeant. No evidence whatever confirmatory of this remarkable story was offered, although, if true, it undoubtedly was possible for the relator to have furnished such evidence. Among the rules of the board of police is one that any patrolman absent from duty without leave shall forfeit all pay for the time of such absence, and be fined, reprimanded, or dismissed from the force at the discretion of the board of police, except in case of sickness, when properly certified by the police surgeon. The relator made no effort to get the certificate of the surgeon, and in no manner attempted to fortify by other evidence the fact that he had been ill at all. If he had been ill it is clear that he could have established it by other evidence. We think the charge was established beyond question, and that the relator was properly dismissed. The writ should be dismissed, with costs. All concur.